**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2311
_____

ELVIN GIOVANNI QUINTEROS ROMERO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A205-871-052)
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2021.

Before: RESTREPO, BIBAS, and PORTER, *Circuit Judges*

(Filed: January 25, 2021)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

Gang violence is horrifying. But ordinary fear of gang violence is not enough to get

relief from deportation. Because Elvin Quinteros Romero fears only that, the Government

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

may deport him. He worries that if he returns to his native El Salvador, MS-13 gang members will target him because he once refused to work for them. But he has not shown that they will target him because of a protected trait. Nor has he shown that the Salvadoran government will acquiesce in the gang's violence. So we will deny his petition for review.

## I. BACKGROUND

When Quinteros was fifteen, a gang member approached him at school and tried to recruit him for MS-13. He refused. For the next three months, gang members harassed him. Finally, they threatened to kill his family unless he joined. He fled to the United States, entered illegally, and was caught. Now the Government wants to deport him back to El Salvador.

Quinteros fears that if he is sent home, MS-13 will kill him. So he applied for asylum, withholding of removal, and relief under the Convention Against Torture. But an immigration judge denied all his claims. She denied his asylum and withholding claims because any persecution would not be based on a protected trait. And she denied his Convention claim because, even if he would face harm, he had not shown that the Salvadoran government would acquiesce in it. The Board of Immigration Appeals affirmed, adopting her reasoning.

Quinteros now petitions for review. We review the Board's factual findings for substantial evidence and its legal conclusions de novo. *Sesay v. Att'y Gen.*, 787 F.3d 215, 220 (3d Cir. 2015). That means we must accept the Board's factual findings unless "the evidence would compel any reasonable fact finder to reach a contrary result." *Id.* (internal

quotation marks omitted). Because the Board adopted the immigration judge's decision, we give her decision the same deference. *Id.*

## II. THE BOARD PROPERLY DENIED QUINTEROS'S CLAIMS FOR ASYLUM AND WITHHOLDING OF REMOVAL

Quinteros's asylum claim fails. To get asylum, Quinteros must be a "refugee": someone who is "unable or unwilling to return to … [his home] country because of persecution or a well-founded fear of persecution on account of [a protected trait]." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). One protected trait is "membership in a particular social group." § 1101(a)(42)(A). Quinteros says he suffered persecution because he belonged to the social group of "young[,] male Salvadoran students who are targeted for [gang] recruitment." Pet'r's Br. 26.

That label probably does not define a particular social group. Courts regularly reject claims like this. *See, e.g.*, *Rodas-Orellana v. Holder*, 780 F.3d 982, 991–93 (10th Cir. 2015) ("El Salvadoran males threatened and actively recruited by gangs, who resist joining because they oppose the gangs"); *Mendez-Barrera v. Holder*, 602 F.3d 21, 24, 27 (1st Cir. 2010) ("[Salvadoran] young women recruited by gang members who resist such recruitment."). But we need not decide the issue, because Quinteros's claim fails for another reason: causation.

Even if "young, male Salvadoran students" counted as a particular social group, Quinteros cannot get asylum unless he was persecuted or fears persecution *because* he belongs to that group. According to the immigration judge, he failed to show that.

3

That finding was reasonable. When the immigration judge asked Quinteros why the gang had targeted him, he admitted that he "d[id]n't know" and that "[m]aybe they thought [he] was useful for [their crimes]." AR 147. He never said that the gang was prejudiced against students. In fact, the only reason his student status came up was because the gang members tried to recruit him at school. But as he admits, the gang targeted the school because it had no security. Apparently, the gang had nothing against students.

Because there is no evidence that Quinteros was persecuted for being a student, the immigration judge's finding was reasonable and we must defer to it. And "an alien who fails to qualify for asylum is necessarily ineligible for withholding." *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011). The Board thus properly rejected both the asylum and the withholding claims.

### III. THE BOARD PROPERLY DENIED QUINTEROS'S CONVENTION CLAIM

Quinteros's Convention claim fares no better. To get relief under the Convention, he had to show that if he returns to El Salvador, he will more likely than not suffer severe harm. 8 C.F.R. §§ 208.16(c), 208.18(a)(1) (2020). He also had to show that the Salvadoran government will cause or acquiesce in that harm. *Id.* § 208.18(a)(1).

The immigration judge found that even if Quinteros would suffer harm from gangs, the government would not acquiesce in it. That finding was reasonable. Quinteros's only relevant evidence was a group of articles about violence in El Salvador. But those articles mostly refuted his claim: They reported that the Salvadoran government was at *war* with the gangs. A State Department report he submitted even described some of the government's efforts as "promis[ing]" and "effective." AR 179–80. True, one article cites

unnamed "critics" who thought that gangs had infiltrated the government. AR 193. But mostly, the articles complained that the government fought the gangs *too* viciously, killing gangsters without due process.

To be sure, this evidence did not automatically doom Quinteros's Convention claim. "[A] government can acquiesce in torture despite opposing the group inflicting the harm." *Nelson Quinteros v. Att'y Gen.*, 945 F.3d 772, 788 (3d Cir. 2019). But his evidence did not help him either. And since the Salvadoran government generally opposed the gangs, Quinteros needed specific evidence that the government would, even so, acquiesce in *his* torture. *See, e.g.*, *Dutton-Myrie v. Att'y Gen.*, 855 F.3d 509, 517–18 (3d Cir. 2017); *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 350–51 (3d Cir. 2008). Quinteros had no specific evidence like that, just the general evidence that the government was fighting the gang. So the Board properly rejected his Convention claim.

\* \* \* \* \*

Quinteros had no evidence that he was persecuted for being a student and none that the Salvadoran government would acquiesce in gang violence against him. So we will deny his petition for review.